Hearing Date and Time: May 13, 2013 at 10:00 a.m.

KAPLAN & LEVENSON P.C.
Steven M. Kaplan (SK6909)
630 Third Avenue
New York, New York 10017
(212) 983-6900
(212) 983-9210 (fax)
smk@kaplev.com

*Attorneys for Eric Rothenberg, Alisse
Rothenberg, Eric Jay Rothenberg Rollover IRA,
Jeffrey Rapaport, Jeffrey Rapaport M.D. Defined
Benefit Profit Sharing Plan, Shelley Saftler,
Corey M. Saftler, Corey M. Saftler CGM IRA
Custodian, Laura Kaplan and Arlene Saftler*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                    Chapter 11

OAK ROCK FINANCIAL, LLC,                          Case No. 8-13-72251 (DTE)

Debtor.
-------------------------------------------------------------x

**MOTION FOR ENTRY OF ORDER (I) COMPELLING DEBTOR TO SEGREGATE FUNDS IN CONNECTION WITH PARTICIPATION INTERESTS IN LOANS, (II) COMPELLING THE DEBTOR TO PROVIDE AN ACCOUNTING AND AGING, ALONG WITH OTHER INFORMATION, AND (III) AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND TESTIMONY <u>PURSUANT TO RULE 2004 BY THE DEBTOR AND (IV) RELATED RELIEF</u>**

Eric Rothenberg, Alisse Rothenberg, Eric Jay Rothenberg Rollover IRA, Jeffrey Rapaport, Jeffrey Rapaport M.D. Defined Benefit Profit Sharing Plan, Shelley Saftler, Corey M. Saftler, Corey M. Saftler CGM IRA Custodian, Laura Kaplan and Arlene Saftler (the "<u>Participants</u>"), by their attorneys, Kaplan & Levenson P.C., as and for their motion (the "<u>Motion</u>") seeking entry of an order, substantially in the form annexed hereto as <u>Exhibit "A"</u> (the "<u>Proposed Order</u>"), pursuant to Sections 105(a), 541(d) and 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Bankruptcy Rules 2004, 9006(c)(1) and 9013, (I)

compelling Oak Rock Financial, LLC ("Oak Rock" or the "Debtor") to segregate and hold in escrow all funds received or to be received from the Debtor's borrowers under loans made by the Debtor in which the Participants have a participation interest, (II) compelling the Debtor to provide the Participants with an accounting and aging reports of all loans made by the Debtor in which the Participants have a participation interest, along with daily reporting of all cash in and out (or access to portals with such information) on such loans, (III) authorizing the issuance by the Participants of Subpoenas pursuant to Rule 2004 for the production of documents and the examination of the Debtor and its representatives, and (IV) granting related relief, respectfully represent as follows:

## INTRODUCTION

1. The relief sought in this Motion is consistent with Section 541(d) of the Bankruptcy Code and applicable case law regarding a debtor/lead lender's equitable interest in loan participations.[1] In this case, where the Participation Agreements create valid, enforceable and true participations, the Participants' interests in the Participated Loans are expressly excluded from property of the Debtor's estate. The Debtor retains only a legal interest, in its capacity as a trustee, to service the Participated Loans. Accordingly, the funds received and to be received by the Debtor's Borrowers under the Participated Loans belong to the Participants and must be segregated and held in escrow for the Participants' benefit.

2. The reporting and access to information requested by the Participants herein are authorized and mandated under the Participation Agreements. Without this critical reporting, the Participants cannot make any determination of whether a Borrower is over-advanced under the

---

[1] Capitalized terms not defined in the Introduction have the meaning given to them in this Motion.

terms of its loan agreement with the Debtor, and cannot conduct the due diligence necessary to authorize additional funding, if any, to Borrowers.

## BACKGROUND

3. On April 29, 2013 (the "Petition Date"), Israel Discount Bank of New York ("IDB") and certain other petitioning creditors (collectively, the "Petitioning Creditors") filed an involuntary petition under chapter 7 of the Bankruptcy Code against Oak Rock.

4. On May 5, 2013, Oak Rock filed a motion to convert the involuntary chapter 7 case to a case under chapter 11 of the Bankruptcy Code. On May 6, 2013, the Court entered an order [Docket No. 37] converting the involuntary chapter 7 case to a chapter 11 case, and authorizing the Debtor to manage its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On May 6, 2013, the Petitioning Creditors filed a motion to appoint a chapter 11 trustee. A hearing to consider that motion is scheduled for May 13, 2013 at 10:00 a.m.

6. Prior to the Petition Date, the Participants (collectively) purchased participation interests in certain loans (collectively, the "Participated Loans") made by the Debtor to the following borrowers (collectively, the "Borrowers" and each a "Borrower"):

| Borrower | Amount of Participation |
|---|---|
| Merchants Advance, LLC | $600,000 |
| Auto Underwriters of America, Inc. | $1,650,000 |
| MK Auto, Inc. | $150,000 |
| Patriot Home & Auto Outfitters, Inc. | $250,000 |
| Total: | $2,650,000 |

With respect to each Participated Loan, the Debtor and each of the Participants entered into separate but the nearly identical participation agreements. A representative copy of the

participation agreements is annexed hereto as <u>Exhibit "B"</u> (collectively, the "<u>Participation Agreements</u>").

    7.    Each of the Participation Agreements contains the following relevant provisions:

- The Debtor sold and assigned a participation in the loans made to each of the Borrowers in the amounts and percentages set forth in each Participation Agreement.

- The Debtor shall have the sole authority for and on behalf of the Participant to administer the Participating Loans in Debtor's name alone and the same shall be binding upon the Participants, provided however, that with respect to effecting collections, the Debtor shall be deemed to be acting both for itself and with respect to the Participants' interest in such transactions, for Participant as Participant's agent.

- The Debtor shall occupy the status of trustee for the Participant's benefit with regard to Participant's participation in the monies due under the Participant Loans, and the Debtor shall hold Participant's participating interest and the collateral securing the same as Participant's trustee.

- All compensation as and when actually received shall be divided between the Debtor and the Participants in proportion to their respective participating interests, except as follows: On the principal amount of Participant's participating interest, compensation is to be paid at a rate per annum of 10.50%.

- Any and all losses shall be borne by and divided between the Debtor and the Participants in proportion to the respective participating interests.

- The Debtor and the Participants have no recourse whatsoever to each other, excepting only for breach of the Participation Agreement, breach of trust or malfeasance.

- The Debtor and the Participant agree to share in proportion to their respective participating interests, all unrecovered out-of-pocket attorney's fees, court costs, collection and liquidation expenses which are reasonably incurred for the protection of them.

- Nothing in the Participation Agreements shall confer upon the Debtor or the Participants any interest in, or subject them to any liability for the business, assets, profits, losses or obligations of the other, except only as to the transactions set forth in the Participation Agreement.

- The Debtor will, upon request, supply the Participants with copies of any papers and documents involved with periodical accountings showing the

status of Participants participation account with the Debtor and the collection status of the Participant Loans. Participants shall have the right to have access to Debtor's books and records pertaining to the said transactions at all times during ordinary business hours.

8. At the hearing to consider the motion of IDB for the appointment of an operating chapter 7 trustee and the Debtor's motion to convert the involuntary chapter 7 case to one under chapter 11 of the Bankruptcy Code (the "May 6 Hearing"),[2] the Participants learned that the Debtor was not segregating funds received from Borrowers in repayment of their obligations under the Participated Loans (collectively, the "Participation Funds"). Moreover, upon information and belief, the Debtor is currently using and/or intends to use Participation Funds -- which belong to the Participants -- to service not only the Participated Loans, but also loans in which the Participants do not have a participation interest.

9. At the present time, the Participants have no visibility into the daily collections, cash inflows and outflows, or dispositions of collateral.

## RELIEF SOUGHT

10. By this Motion, the Participants respectfully request that the Court enter the Proposed Order (i) compelling the Debtor to segregate and hold in escrow all funds received or to be received from the Debtor's borrowers under the Participated Loans, (ii) compelling the Debtor to provide the Participants with an accounting and aging reports of all of the Participated Loans, along with daily reporting of all cash in and out (or access to portals with such information) on such loans, and (iii) authorizing the issuance by the Participants of Subpoenas pursuant to Rule 2004 for the production of documents and the examination of the Debtor and its representatives.

---

[2] At the May 6 Hearing, the Court also stated that holders of participation interests would be permitted to file motions to be heard at the May 13, 2013 hearing scheduled by the Court in this case.

{00108434.1 / 1295-001}                          5

## BASIS FOR RELIEF

11. The Participants are entitled to the segregation of funds received under the Participated Loans because their participation interests in those funds are not property of the Debtor's estate. The plain language of the statutory provision in the Bankruptcy Code limiting what constitutes property of the estate, as well as and the case law interpreting the statute, are clear that loan participation transactions are not subject to the otherwise broad definition of property of the estate. The Debtor has only an interest in servicing the Participated Loans, not the proceeds from repayments of those loans.

12. Section 541(d) of the Bankruptcy Code provides that:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

13. As this Court has noted, the enactment of Section 541(d) was intended to protect purchasers in the secondary loan markets, which includes sales of loan participations. *See* In re Sprint Mortgage Bankers Corp., 164 B.R. 224, 228 (Bankr. E.D.N.Y. 1994); In re Coronet Capital Co., 142 B.R. 78, 80 (Bankr. S.D.N.Y. 1992) ("The purpose of § 541(d), as applied to the secondary mortgage market is to make certain that secondary mortgage market sales (like loan participation agreements) ... are not subject to challenge by bankruptcy trustees."). "Pursuant to §541(d), the Court has the authority to recognize the division of legal and equitable interests ... provided that the transaction is a true mortgage participation. The Trustee will hold the property ... subject to the outstanding and superior equitable interests of the beneficiaries." In re Sprint Mortgage Bankers Corp., 164 B.R. at 228.

14. Here, there can be no dispute that the Participation Agreements are true and valid participations, and thus the Participants' participation interests in the Participated Loans are excluded from property of the Debtor's estate under Section 541(d). True participations possess the following characteristics: "a) money is advanced by participant to a lead lender; b) a participant's right to repayment only arises when a lead lender is paid; c) only the lead lender can seek legal recourse against the borrower; and d) the document is evidence of the parties' true intentions." Id. (citing In re Coronet Capital Co., 142 B.R. at 82).

15. Whether there has been a guarantee of repayment by the lead lender "is crucial in determining classification of a given transaction. The existence of a guarantee seems to result in a finding of a debtor-creditor relationship in most cases. In contrast, under traditional loan participation agreements, a 'participant' normally assumes the same risk as the person selling the participation. In participation transactions, no guarantees are given, and participants share in risk and must rely on the creditworthiness of the borrower and the collateral." Id. at 228-29 (internal quotations and citations omitted).

16. Here, each of the Participation Agreements and the resulting participations in the Participated Loans satisfies all of the criteria for true participations. The Debtor has not guaranteed the repayment of the loans. The Participants and the Debtor share the same risk of non-payment by the Borrower. The funds are advanced to the Debtor as lead lender by the Participants, and their right to payment does not arise until the Debtor receives payment from the Borrowers. The Participants have no direct claim against the Borrowers and only the Debtor can seek legal recourse against them. Lastly, the Participation Agreements make clear the parties' intentions that the participations are not to be construed as loans.

17. Because the Participants' Participation Funds are not property of the estate, the Debtor should be required to segregate and escrow all funds received and to be received from Borrowers in payment of their obligations under the Participated Loans. The Participation Agreements themselves expressly provide that the Debtor shall hold *as trustee for the benefit of the Participants* their participation interests in the Participated Loans. The Debtor should not commingle the Participation Funds with its own funds and may not utilize the Participation Funds to pay its obligations or to service other loans, and may not otherwise use the funds without the prior written consent of the Participants.

18. The Debtor suffers no prejudice in segregating and escrowing the Participation Funds. The Debtor is able to preserve its right as lead lender to service the Participated Loans, which is the only legal interest it has *vis a vis* the Participants' funds.

19. Lastly, the reporting requirements are obligations with which the Debtor must comply under the Participation Agreements. Moreover, given the circumstances surrounding the Debtor's situation leading to the involuntary filing, and the significant allegations of fraud asserted by the petitioning creditors, there is a manifest need for transparency and reporting, which have so far has not taken place in this case.

## NOTICE

20. The Participants have provided notice of this Motion to: (i) counsel for the Debtor, (ii) the Office of the United States Trustee, (iii) counsel to the Petition Creditors, and (iv) all parties that have filed notices of appearance in the Debtor's bankruptcy case.

21. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Participants respectfully request that this Court grant the relief requested herein and grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      May 8, 2013

                KAPLAN & LEVENSON P.C.
*Attorneys for Eric Rothenberg, Alisse Rothenberg, Eric Jay Rothenberg Rollover IRA, Jeffrey Rapaport, Jeffrey Rapaport M.D. Defined Benefit Profit Sharing Plan, Shelley Saftler, Corey M. Saftler, Corey M. Saftler CGM IRA Custodian, Laura Kaplan and Arlene Saftler*

By: */s/ Steven M. Kaplan*
     Steven M. Kaplan (SK6909)

     630 Third Avenue
     New York, New York 10017
     (212) 983-6900
     (212) 983-8210 (fax)