# EXHIBIT A
# (PROPOSED ORDER)

{00108434.1 / 1295-001}

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

OAK ROCK FINANCIAL, LLC,                                 Case No. 8-13-72251 (DTE)

Debtor.
----------------------------------------------------------x

**ORDER COMPELLING DEBTOR TO SEGREGATE FUNDS IN
CONNECTION WITH PARTICIPATION INTERESTS IN LOANS, (II)
COMPELLING THE DEBTOR TO PROVIDE AN ACCOUNTING AND
AGING, ALONG WITH OTHER INFORMATION, AND (III) AUTHORIZING
THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF
DOCUMENTS AND TESTIMONY PURSUANT
TO RULE 2004 BY THE DEBTOR**

Upon the motion (the "Motion") of Eric Rothenberg, Alisse Rothenberg, Eric Jay Rothenberg Rollover IRA, Jeffrey Rapaport, Jeffrey Rapaport M.D. Defined Benefit Profit Sharing Plan, Shelley Saftler, Corey M. Saftler, Corey M. Saftler CGM IRA Custodian, Laura Kaplan and Arlene Saftler (the "Participants"), by their attorneys, Kaplan & Levenson P.C., for an order pursuant to Sections 105(a), 541(d) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 2004, 9006(c)(1) and 9013: (i) compelling Oak Rock Financial, LLC ("Oak Rock" or the "Debtor") to segregate and hold in escrow all funds received or to be received from the Debtor's borrowers under loans made by the Debtor in which the Participants have a participation interest (the "Participated Loans"), (ii) compelling the Debtor to provide the Participants with an accounting and aging reports of all Participated Loans, along with daily reporting of all cash in and out (or access to portals with such information) on such loans, (iii) authorizing the issuance by the Participants of Subpoenas pursuant to Bankruptcy Rule 2004 for the production of documents and the examination of the Debtor and its representatives, and granting related relief; and it appearing that due and sufficient notice of the Motion has been given and no other or further notice need be provided; and a hearing on the Motion having been held (the "Hearing"); and after having heard the arguments as reflected on

{00108434.1 / 1295-001}

the record of the Hearing; and upon the full record of the Hearing made before me; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and all parties-in-interest; and due deliberation having been had; and sufficient cause appearing to me therefor; it is hereby

**ORDERED,** that the Debtor shall immediately establish a separate escrow account (the "<u>Escrow Account</u>") for each Participated Loan, into which it will deposit any and all funds received and to be received from the Borrowers on account of the Borrowers' obligations under the Participated Loans (the "<u>Participation Funds</u>"); and it is further

**ORDERED,** that the Debtor shall be prohibited from using the Participation Funds for any purpose without the prior written consent of the Participants; and it is further

**ORDERED,** that the Debtor shall provide to the Participants with an accounting and aging report for all Participated Loans, along with daily reporting of all cash in and out (or access to portals with such information) regarding the Escrow Accounts and the Participated Loans; and it is further

**ORDERED,** that the Debtor shall provide to the Participants access to its books and records with respect to the Participated Loans, including online access to the portals for each of the Participated Loans; and it is further

**ORDERED,** that the Participants are hereby authorized to issue Subpoenas pursuant to Bankruptcy Rule 2004 for the production of documents and the examination of the Debtor and its representatives.

Dated: New York, New York
_____, 2013

_____
UNITED STATES BANKRUPTCY JUDGE