**Hearing Date:  June 15, 2016 at 1:30 p.m. (prevailing Eastern Time)**
**Objection Deadline:  June 8, 2016 at 5:00 p.m. (prevailing Eastern Time)**

Salvatore LaMonica
Jacqulyn S. Loftin
**LAMONICA HERBST &**
**MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Ph: 516.826.6500
SL@lhmlawfirm.com
JSL@lhmlawfirm.com

Attorneys for the Debtor and Debtor-in
Possession Oak Rock Financial LLC

Schuyler G. Carroll
John D. Penn
David F. Olsky
**PERKINS COIE LLP**
30 Rockefeller Plaza, 22nd Floor
New York, New York  10112-0085
Telephone: 212.262.6900
Facsimile: 212.977.1649
scarroll@perkinscoie.com
jpenn@perkinscoie.com
dolsky@perkinscoie.com

Attorneys for the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>OAK ROCK FINANCIAL, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 8-13-72251-reg |
| OAK ROCK FINANCIAL, LLC, and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS of the bankruptcy estate of OAK ROCK FINANCIAL, LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>VALLEY NATIONAL BANK, and VNB NEW YORK CORP.,<br><br>        Defendants. | Adv. Proc. No. 8-15-08170-reg |

**MOTION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE APPROVAL OF A SETTLEMENT AGREEMENT WITH
VALLEY NATIONAL BANK AND VNB NEW YORK CORP. PURSUANT TO RULE
9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Debtor and Debtor-in-Possession (the "***Debtor***" or "***Oak Rock***") and Official

Committee of Unsecured Creditors (the "***Committee***" and collectively with the Debtor, the

"*Plaintiffs*"), by and through their respective undersigned counsel, hereby file this motion (the "*Motion*") for approval of a settlement and compromise (the "*Settlement Agreement,*" attached hereto as Exhibit "1") between the Debtor and the Committee, on the one hand, and Defendants Valley National Bank and VNB New York Corp.[1] (collectively, "*Valley Bank*"), on the other hand, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## PRELIMINARY STATEMENT

1.      The Debtor and the Committee have reached a global settlement of all claims against Valley Bank in the matters described below as they relate to Oak Rock (the "*Settlement*").

2.      A predecessor-in-interest to Valley Bank was a "participant" in one of the loans that the Debtor made to a dealer, called Merchants Advance.  The Debtor agreed to repurchase Valley Bank's participation interest in the Merchants Advance loan, and paid Valley Bank over $860,000 in repurchase payments and interest in the three months prior to the Petition Date (as defined below).

3.       As part of the Settlement, Valley Bank will pay $750,000 (the "Settlement Payment"), the equivalent of 87% of the amount it received in the three months prior to the Petition Date.  Valley Bank also agrees to release any claim against the estate.

4.      In exchange for the Settlement Payment, the estate will release its claims against Valley Bank (and its affiliated entities, as more fully set forth in the Settlement Agreement) and dismiss the adversary proceeding filed against Valley Bank, styled *Oak Rock Financial, LLC v.*

---

[1] On or about December 2014, VNB New York Corp. ceased operating and was merged into VNB Merger Co. LLC, n/k/a VNB New York LLC.

130920466.1

*Valley National Bank*, Adv. No. 15-8170 (the "Valley Bank Adversary Proceeding"). The parties executed the Settlement Agreement before the Estate incurred significant costs in prosecuting the Valley Bank Adversary Proceeding.

5.      The Settlement Agreement, as set forth below, was the product of an arms-length negotiation, is in furtherance of the efforts by the Debtor and the Committee to recover cash for the estate, and is in the best interest of the estate.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicate for the relief requested herein is Bankruptcy Rule 9019.

## BACKGROUND

7.      The Debtor was a specialty asset-based lending company that, among other things, (i) lent to dealers that, in turn, provided installment financing on consumer products, (ii) "factored," i.e., purchased receivables of, operating businesses, (iii) financed dealers that purchased charged-off or delinquent installment contracts and/or delinquent credit card receivables; and (iv) provided financing to dealers who finance, through installment contracts, the purchase of used automobiles and related equipment/supplies.

8.      The Debtor's principal pled guilty in the District Court to a massive fraud. Its lending business collapsed which cost the Debtor's creditors tens of millions of dollars. As

130920466.1

noted by the U.S. Attorney in the letter that pre-dated John Murphy's sentencing, the losses at Oak Rock included funds obtained from the sale of loan participations.[2]

9.       On April 29, 2013, an involuntary petition was filed against the Debtor (the "***Petition Date***").  The case was converted to a voluntary Chapter 11 case on May 6, 2013.

10.      The Committee was formed on May 27, 2014.  *See Notice of Appointment of Official Committee of Unsecured Creditors,* Docket No. 572 and amended on June 19, 2014, Docket No. 614.

11.      The Debtor continues to manage and operate its business as debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

### The Valley Bank Adversary Proceeding

12.       On May 5, 2015, the Debtor and the Committee initiated the Valley Bank Adversary Proceeding by filing a Complaint (the "Complaint" or "Compl.").

13.      The Debtor and the Committee alleged as follows:  By 2009 (if not much earlier), Oak Rock was operating as a Ponzi scheme making its own payments at least in part from new money, rather than from payments generated by its operations (which were insufficient to pay creditors).   Compl. ¶ 1.  Less than a year before the Petition Date, Oak Rock agreed to "repurchase" Valley Bank's purported participation interest in the Merchants Advance loan.

---

[2]    U.S. v. Murphy, Case No. 2:13-cr-00702-LDW in the U.S. District Court for the Eastern District of New York, Docket No. 30 which provided (at p. 4),

> The defendant has requested the court include only the loss amount to the Bank Group in determining loss for sentencing purposes. The defendant argues that the Private Investors' capital of approximately $90 million was not subject to the defendant's fraud, which is not true. Based on the defendant's material misrepresentations to the Bank Group, Private Investors continued to invest in Oak Rock. These funds were comingled by the defendant with the revolving line of credit and used for the same purpose – to provide funding to small businesses across the country. The Private Investors' loss is properly considered as loss under § 2B1.1 of the Guidelines.

130920466.1

Compl. ¶ 3.  Oak Rock was insolvent, yet incurred this obligation and paid over $2,000,000 to

Valley Bank for this purported interest.  Compl. ¶ 3.  Over $860,000 of this amount was

transferred by the Debtor to Valley Bank in the 90 days prior to the Petition Date.  Compl. ¶ 3.

Exhibit A to the Complaint contains a list of transfers made to Valley Bank.

14.     On August 6, 2015, Valley Bank filed an answer that largely denied these

allegations.  It also raised affirmative defenses, including that the transfers it received were made

in the ordinary course of business and that it received the transfers for value and in good faith.

15.      The parties are scheduled to conclude discovery in July 2016.  However, due to

negotiations and the execution of the Settlement Agreement, no significant litigation costs have

been incurred to date.

<b>The Terms of the Settlement</b>

16.     The Settlement Payment shall be made in full and final satisfaction of any claims

that the Estate may have against Valley Bank within ten (10) business days of the later of (i)

approval of the Stipulation by the Bankruptcy Court and (ii) receipt of a W-9 form from the

payee.  The Settlement Payment will be made to LaMonica Herbst & Maniscalco, the Debtor's

counsel, to hold in escrow in a segregated interest bearing account at Chase Bank subject to a

further order of this Court.

17.     As further consideration for the Settlement Payment, Valley Bank will waive any

and all right, if any, to file any claim in the Debtor's bankruptcy case, including any claim under

Bankruptcy Code § 502(h) relating to the Settlement Sum, or to receive any payments or

distributions from the Debtor's bankruptcy estate.

130920466.1

18.     If approved, the parties will exchange mutual releases.  Within 10 days of receipt and clearance of the Settlement Payment, the Debtor and the Committee will file with the Bankruptcy Court a Notice of Dismissal, with prejudice and without costs..

<h3 style="text-align:center"><strong>RELIEF REQUESTED</strong></h3>

19.     By this Motion, the Debtor and the Committee seek an order (i) approving the Settlement and authorizing Valley Bank to pay $750,000 as described above; (ii) finding that the settlement and releases set forth in the Settlement Agreement have been entered into in good faith and are proper in scope; (iii) authorizing the parties to undertake all acts necessary to consummate the Settlement in accordance with its terms; (iv) providing that this Court expressly reserves jurisdiction to enforce its order approving the Settlement; and (v) granting such other relief as this Court deems just and proper.

<h3 style="text-align:center"><strong>LEGAL STANDARD</strong></h3>

20.     The Settlement is in the best interests of the Debtor, its estate, and its creditors and should be approved under Rule 9019 of the Bankruptcy Rules.  Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."  Fed. R. Bankr. R. 9019(a).  A bankruptcy court may approve settlements "if they are in the best interests of the estate."  *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).  In order to be approved it does not have to provide for the best outcome, but cannot "fall beneath the lowest point in the range of reasonableness."  *Id*.

21.     Settlements and compromises are a "normal part of the process of reorganization."  *Prot. Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,

130920466.1

390 U.S. 414, 424 (1968)(quotation omitted).  Whether a settlement should be approved is within the sound discretion of the bankruptcy court.  *See Nellis v. Shurgue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  The decision turns on whether it is "fair and equitable and in the best interest of the [debtor's] estate."  *In re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted).

22.    The following factors are considered by courts in determining whether to approve settlements : (i) the balance between the litigation's possibility of success and the settlement's future benefits; (ii) the likelihood of complex and protracted litigation, with its attendant expense; (iii) the paramount interest of creditors, included each affected class's relative benefits and degree to which creditors either do not object to or affirmatively support the proposed settlement; (iv) whether other parties support the settlement; (v) the competency and experience of counsel supporting the settlement; (vi) the nature and breadth of releases to be obtained; and (vii) the extent to which the settlement is the product of arm's length bargaining.  *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007).

23.    These factors provide substantial support for approval of the Settlement.  The probability of success in the litigation against Valley Bank has numerous obstacles, not the least of which are the "ordinary course of business" and "good faith" defenses raised by Valley Bank. Further, the Estate may spend substantial sums on litigation to pursue these claims.

24.    Thus, "success" should be considered in connection with the benefit of the Estate recovering 87% of the payments to Valley Bank made in the three months prior to the Petition Date, with barely any litigation expense.  "Success" is properly measured by the value of the

settlement recovery compared to the risk, cost and delay of litigating the claims to judgment and recovering money as a result therefrom.

25.    Given the amount that will be returned to the Estate – and the few resources expended to pursue the claims – the Settlement is unquestionably a "success" and should be approved by the Court.

## CONCLUSION

WHEREFORE,  the Debtor and the Committee pray that upon hearing the Motion that the Court will grant the same, approve the Settlement as well as the relief requested for its implementation and grant the Debtor and the Committee such other and further relief to which it may show itself justly entitled.

130920466.1

Dated:  New York, New York

       May 9, 2016

                               Respectfully submitted,

                               **LAMONICA HERBST & MANISCALCO, LLP**

                               By */s/Salvatore LaMonica*

                               Salvatore LaMonica
                               Jacqulyn S. Loftin
                               3305 Jerusalem Avenue, Suite 201
                               Wantagh, New York 11793
                               Ph: 516.826.6500
                               SL@lhmlawfirm.com JSL@lhmlawfirm.com

                               Attorneys for the Debtor and Debtor-in Possession Oak Rock Financial LLC

                               **PERKINS COIE LLP**

                               By  */s/David F. Olsky*
                                     Schuyler G. Carroll
                                     John D. Penn
                                     David F. Olsky
                               30 Rockefeller Plaza, 22nd Floor
                               New York, New York  10112-0085
                               Tel: 212.262.6900
                               Fax: 212.977.1649
                               SCarroll@perkinscoie.com
                               JPenn@perkinscoie.com
                               DOlsky@perkinscoie.com

                               Attorneys for the Official Committee of Unsecured Creditors

130920466.1