IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| OAK ROCK FINANCIAL, LLC, ) | Case No. 8-13-72251-REG |
| ) |  |
| Debtor. ) |  |
| ) |  |
| ) |  |

### [PROPOSED] ORDER AUTHORIZING THE COMMITTEE ON BEHALF OF THE DEBTOR'S ESTATE TO ENTER INTO AND PERFORM UNDER LITIGATION FUNDING AGREEMENT WITH CEDAR GLADE CAPITAL, LLC

Upon consideration of the *Motion for Approval of Litigation Funding Agreement* [Docket No. ____] (the "**Motion**"), seeking, *inter alia*, an order authorizing and approving the entry by the Official Committee of Unsecured Creditors (the "**Committee**") on behalf of the Debtor's bankruptcy estate (the "**Estate**") into an agreement with Cedar Glade Capital, LLC ("**Funder**"), substantially in the form of Exhibit A hereto (the "**Litigation Funding Agreement**")[1], for (i) the funding of certain expenses arising in connection with litigation of the Claim being undertaken by the Committee on behalf of the Estate, (ii) the conveyance to Funder of the Litigation Proceeds Rights, and (iii) the granting of the Liens (as defined below) on certain assets of the Estate, including interests of the Estate in the Claim, the Proceeds, the Litigation Proceeds Rights (together with the approval of the Litigation Funding Agreement and conveyance of the Litigation Proceeds Rights, the "**Requested Relief**"); and the Court having jurisdiction to consider the Motion and the Requested Relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the Requested Relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used but not defined herein shall have the meanings given them in the Motion or the Litigation Funding Agreement, as applicable.

1409; and a hearing having been held to consider the Motion and the Requested Relief (the "**Hearing**") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered the Motion, the Litigation Funding Agreement, and all objections filed in accordance with the Motion; and the appearance of all interested parties and all responses and objections to the Motion having been duly noted on the record of the Hearing; and upon such record of the Hearing, having heard statements of counsel and the evidence presented in support of the Requested Relief at the Hearing; and upon all of the proceedings before the Court, all objections and responses to the Requested Relief having been heard and overruled, continued or resolved on the terms set forth in this Order; and it appearing that due notice of the Motion and the Litigation Funding Agreement having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the Requested Relief is in the best interests of the Debtor, the Estate and its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following findings of facts and conclusions of law: [2]

        A.      Good and sufficient notice of the Motion and Requested Relief, and a reasonable opportunity to object or be heard with respect to the Motion and Requested Relief, has been afforded to all interested persons and entities, and such notice as evidenced by the affidavits of service filed with the Court is sufficient, reasonable and accurate.

---

[2] The findings of fact and conclusions of law stated in this Order shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent a conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

B. This Order, the approval of the Litigation Funding Agreement, the conveyance of the Litigation Proceeds Rights, and the granting of the Liens (as defined below), are supported by good business reasons and will serve the best interests of the Debtor, the Estate, and its creditors. The Committee has standing to seek the Requested Relief on behalf of the Estate, and the Requested Relief falls within the powers and duties of the Committee pursuant to section 1103(c) of the Bankruptcy Code and is in the best interest of the Debtor, the Estate, its creditors, and other parties in interest.

C. Funder has acted in good-faith and is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections and immunities afforded thereby. The negotiation and execution of the Litigation Funding Agreement was in good faith and is an arm's-length transaction. Neither Funder, the Committee nor the Debtor has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of, or implicate, section 363(n) of the Bankruptcy Code to the Litigation Funding Agreement, or to otherwise prevent the consummation of the Requested Relief in accordance therewith. In the absence of a stay pending appeal, Funder will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Litigation Funding Agreement following entry of this Order.

D. The conveyance of the Litigation Proceeds Rights and the granting of the Liens in favor of Funder pursuant to the Litigation Funding Agreement will be a legal, valid, and effective conveyance of the Litigation Proceeds Rights to Funder, and will vest Funder with all right, title, and interest in and to the Litigation Proceeds Rights, free and clear of all liens, claims, interests, and encumbrances of any kind or nature ("**Encumbrances**"), other than the Liens as expressly provided herein, in accordance with section 363(f) of the Bankruptcy Code because

one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein. The Court noted its findings upon the record.

2. Pursuant to sections 105(a), 363(b) and 1103(c) of the Bankruptcy Code, the Committee has standing on behalf of the Estate to seek the Requested Relief and is authorized to enter into the Litigation Funding Agreement, and all of the terms and conditions thereof and consummation of all of the transactions contemplated therein, including the conveyance of the Litigation Proceeds Rights and the granting of the Liens are approved.

3. The Committee is hereby authorized and directed to take such actions on behalf of the Estate as are reasonable and necessary to implement the Litigation Funding Agreement and to perform the Committee's and the Estate's obligations thereunder.

4. With respect to the Litigation Funding Agreement, any objections to the Motion or the Requested Relief that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits and denied with prejudice. With respect to the Litigation Funding Agreement, all persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

5. The conveyance of the Litigation Proceeds Rights pursuant to the Litigation Funding Agreement is a legal, valid, and effective conveyance of the Litigation Proceeds Rights to Funder and shall vest Funder with all right, title, and interest of the Estate in and to the Litigation Proceeds Rights and the Proceeds encompassed therein pursuant to section

363(f) of the Bankruptcy Code, free and clear of any and all Encumbrances other than the Liens as expressly provided herein, with all such Encumbrances to attach to the proceeds of the conveyance to the same extent and with the same validity and priority, and the same defenses, as they presently exist, subject to the terms and conditions of this Order. Any entities holding any such interests are enjoined from asserting such interest against Funder, its successors or assigns, or the Litigation Proceeds Rights.

6. The Committee is hereby authorized and directed to make payment to Funder, without further order of the Court, in accordance with the Litigation Funding Agreement on account of Litigation Proceeds Rights within two (2) Business Days of the receipt by the Estate, or by the Committee on behalf of the Estate, of Proceeds on account of the Claim or any Other Assets pursuant to any Award.

7. Funder has acted in good-faith and is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections and immunities afforded thereby. The negotiation and execution of the Litigation Funding Agreement was in good faith and is an arm's-length transaction. Neither Funder, the Committee nor the Debtor have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of, or implicate, section 363(n) of the Bankruptcy Code to the Litigation Funding Agreement, or to otherwise prevent the consummation of the Requested Relief in accordance therewith. In the absence of a stay pending appeal, Funder will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Litigation Funding Agreement following entry of this Order.

8. Any person or entity that has filed financing statements, mortgages, statutory liens, *lis pendens*, or other documents evidencing or otherwise asserting an Encumbrance against the Litigation Proceeds Rights shall be, and hereby is, directed to deliver to the Committee prior to closing, in proper form for filing, and executed by the appropriate parties, termination statements, instruments of satisfaction, or similar instruments as appropriate to cause the release of any such Encumbrance. In the event any such person or entity fails to comply with the direction set forth in this paragraph then the Committee on behalf of the Estate is authorized and directed to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Encumbrance, and to deliver such notices and a copy of this Order to any and all federal, state and local governmental agencies or departments for filing and recordation.

9. To secure the obligations of the Estate under the Litigation Funding Agreement, Funder is hereby granted, effective immediately upon the entry of this Order, continuing valid, binding, enforceable, non-avoidable and automatically and properly perfected postpetition security interests in and liens on the Claim, the Proceeds, and the Litigation Proceeds Rights (the "**Liens**"). The Liens shall each be and remain at all times senior to any other Encumbrances.

10. This Order shall be sufficient and conclusive evidence of the validity, enforceability, perfection and priority of the Liens without the necessity for: (a) filing or recording any financing statement, deed of trust, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction; or (b) taking any other action to validate or perfect the Liens or to entitle such Liens to the priorities granted herein. Notwithstanding the foregoing, Funder may file financing statements, mortgages, security agreements, notices of liens and other similar documents, and is hereby granted relief from the

automatic stay of section 362 of the Bankruptcy Code in order to do so, and all such financing statements, mortgages, security agreements, notices and other agreements or documents shall be deemed to have been filed or recorded on the Petition Date to the extent filed or recorded by Funder.  The Committee on behalf of the Estate shall execute and deliver to Funder all such financing statements, mortgages, notices and other documents as it may reasonably request to evidence and confirm the contemplated priority of the Liens granted pursuant hereto.

11. The requirements set forth in Bankruptcy Rule 6004, to the extent applicable, have been satisfied or otherwise deemed waived.

12. The terms and provisions of the Litigation Funding Agreement and this Order shall be binding in all respects upon, or shall inure to the benefit of, the Committee, the Debtor, its Estate and its creditors, Funder, and their respective Affiliates, successors and assigns, and any affected third parties, including all Persons asserting Claims, notwithstanding any subsequent appointment of any trustee, examiner or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner or receiver and shall not be subject to rejection or avoidance by the Debtor, its Estate, its creditors or any trustee, examiner or receiver.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

14. As provided by Bankruptcy Rules 7062 and 9014, the terms and conditions of this Order shall be effective immediately upon entry and shall not be subject to the stay provisions contained in Bankruptcy Rule 6004(h) or any similar rule that would delay the effectiveness of this Order.

**Exhibit A**

**Litigation Funding Agreement**