**Presentment Date:  October 1, 2018 at 12:00 p.m.**
**Objection Deadline: September 24, 2018**
**at 5:00 p.m. (prevailing Eastern Time)**

Schuyler G. Carroll
John D. Penn
David F. Olsky
**PERKINS COIE LLP**
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112-0085
Telephone: 212.262.6900
Facsimile: 212.977.1649
SCarroll@perkinscoie.com
JPenn@perkinscoie.com
DOlsky@perkinscoie.com

Filed on behalf of Perkins Coie LLP

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X

| | |
|---|---|
| In re: | Chapter No. 11 |
| OAK ROCK FINANCIAL, LLC, | Case No. 8-13-72251-REG |
| Debtor | |

-------------------------------------------------------- X

**OBJECTION OF PERKINS COIE LLP**
**TO AMENDED JOINT DISCLOSURE STATEMENT**
**DATED AUGUST 29, 2018 (Dkt. No. 1332)**

Perkins Coie LLP, ("Perkins") a party with an administrative expense claim against the Debtor as a result of fees and expenses incurred in connection with its The Official Committee of Unsecured Creditors (the "***Committee***"), hereby files its Objection to Joint Disclosure Statement Dated August 29, 2018 (Dkt. No. 1332).

### I.     INTRODUCTION

1.     The Debtor, Israel Discount Bank of New York (Individually and as Agent, Bank Leumi USA, Capital One Bank, National Association, and Bank Hapoalim B.M., "IDB" and

collectively, the "Lenders") and others filed an Amended Joint Disclosure Statement (Dkt. No. 1322, the "Amended Disclosure Statement" dated August 29, 2018) that included (as an attachment but not a separately filed document) an Amended Joint Plan of Reorganization the "Amended Plan" dated August 29, 2018).

2. The Amended Plan cannot be confirmed as a matter of law because it does not comply with the requirement of Section 1129(a)(9) of the Bankruptcy Code that all administrative expenses be paid in full in cash on the effective date of a plan. The Amended Plan includes a non-consensual provision that purports to strictly limit the ability to pay the administrative expense of Perkins less than 25% of the amount incurred without regard to the amount that might ultimately be allowed upon a final application. The failure of a plan to pay all administrative expenses the full amount that they would be allowed dooms a plan and its disclosure statement.

3. The Committee's Objection to the Amended Disclosure Statement (Dkt. No. 1334) addresses additional failures of the Amended Disclosure Statement to comply with the requirements of Section 1125 of the Bankruptcy Code and they will not be repeated herein. The Amended Disclosure Statement cannot be approved by this Court.

## II. THE PLAN CANNOT BE CONFIRMED AS A MATTER OF LAW THEREBY PRECLUDING APPROVAL OF THE DISCLOSURE STATEMENT

4. 11 U.S.C. Sec. 1129(a)(9) includes the following requirement before a plan of reorganization can be confirmed:

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—
 (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim

will receive on account of such claim cash equal to the allowed amount of such claim;

5.      The Amended Plan includes the following provision that fails to comply with the requirement of 11 U.S.C. § 1129(a)(9): **"(d) . . . In the event the Court awards Perkins an Allowed Professional Fee Administrative Claim in excess of $2,500,000, pursuant to Bankruptcy Code §§ 330 and 331, the Lenders reserve the right to unilaterally withdraw the proposed Amended Plan."** (Amended Plan Sec. 2.2.4, page 16; Amended Disclosure Statement, page 26, emphasis supplied).   It is beyond dispute that the escrow accounts maintained by the Debtor and its counsel have more than ample cash to pay all Professional Fee Claims in full.

6.      The Professional Fee Claim of Perkins exceeds $11 million (through August 2018) and the Amended Plan cannot be confirmed as a matter of law as long as the Amended Plan includes the provision that purports to pay the Professional Fee Claim of Perkins an amount less than the full amount allowed by this Court.  The Court must decline to approve the Amended Disclosure Statement while the Amended Plan purports to provide a unilateral ability to walk away from the Amended Plan based on the allowed amount of the Professional Fee Claim of Perkins.

7.      The Amended Plan cannot comply with Section 1129(a)(9) and cannot be confirmed as a matter of law.[1]  The Court must decline to approve the disclosure statement for a

---

[1]     Quoting *In re TCI 2 Holdings, LLC*,
The Code clearly requires the full payment of all allowed administrative expenses. *See In re Hechinger Inv. Co. of Del.,* 298 F.3d 219, 224 (3d Cir.2002) ("In a Chapter 11 case, a court cannot confirm a distribution plan unless the plan provides full cash payment of all § 503(b) administrative expense claims or the claim holder agrees to different treatment."); *In re Christopher,* 28 F.3d 512, 516 (5th Cir.1994) ("[T]he plan of reorganization cannot be confirmed under § 1129(a)(9)(A) unless the plan provides for the payment in cash and in full of persons holding "claims" for administrative expenses under §§ 503 and 507."); *In re Goody's Family Clothing,* **\***174 *Inc.,* 401 B.R.

plan that cannot be confirmed.  *In re Moshe*, 567 B.R. 438, 444 (Bankr. E.D.N.Y. 2017); *In re Quigley Co.*, 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007); *In re Beyond.com Corp.*, 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 394 (Bankr. E.D. Pa. 2001); *In re E. Maine Elec. Co-op., Inc.*, 125 B.R. 329, 333 (Bankr. D. Me. 1991).  In doing so, it preserves funds in the Debtor's estate rather than squandering those assets on the equivalent of a fool's errand.  *E. Maine Elec.*, 125 B.R. at 333.  The fatal defect should be considered at this stage because it makes the Plan unconfirmable.  *See In re Am. Capital Equip., LLC,* 688 F.3d 145, 154 (3d. Cir. 2012) ("Courts have recognized that if it appears there is a defect that makes a plan inherently or patently unconfirmable, the Court may consider and resolve that issue at the disclosure stage before requiring the parties to proceed with solicitation of acceptances and rejections and a contested confirmation hearing.") (citation omitted)

8. Perkins has not agreed, and does not agree, to the treatment proposed in the Amended Plan.[2]

9. To be clear, Perkins understands that its compensation must be approved by this Court under the standards articulated in Section 330 of the Bankruptcy Code and is prepared to both request and support its compensation under those standards without the unilateral, unreasonable and improper limitation included within the Amended Plan.

---

656, 662 n. 6 (D.Del.2009).  **The Code does not permit a plan to cap the amount to be paid toward administrative expenses without the consent of the claimants.** *In re TCI 2 Holdings, LLC*, 428 B.R. 117, 173-4 (Bankr.D.N.J. 2010). (emphasis supplied)

[2] Information regarding the approximate amount of the Professional Fee Claim of Perkins at any given time has been included in the Monthly Operating Reports filed by the Debtor after Perkins was employed in 2014 and has been known to the Lenders since 2014.

- 5 -

## V.  CONCLUSION

WHEREFORE, Perkins Coie LLP prays that upon considering the Amended Disclosure Statement, the Court will decline to approve the same as filed and grant the Firm such other and further relief to which it may show itself justly entitled.

Dated: New York, New York

      September 24, 2018

**PERKINS COIE LLP**

By:  */s/ Schuyler G. Carroll*
    Schuyler G. Carroll
    John D. Penn
    David F. Olsky
30 Rockefeller Plaza, 22nd Floor
New York, New York  10112-0085
Tel:    212.262.6900
Fax:    212.977.1649
SCarroll@perkinscoie.com
JPenn@perkinscoie.com
DOlsky@perkinscoie.com

Filed on behalf of Perkins Coie LLP